### TEAGLES' LESSEE v. THOMAS WALLER.

Supreme Court. March, 1797.

*Wilson's Red Book, 155.*

*Miller* [for plaintiff]. *Wilson* [for defendant].

Plaintiff had purchased at sheriff's sale, and afterwards patented the lands. Defendant was the original owner from whom they had been sold under an execution, which he thought was issued before the plaintiff in the first action had performed the terms upon which he had his judgment. Defendant had rented under plaintiff.

*Wilson.* Against plaintiff or a mere stranger judgment and execution must be shown, 2 Esp.N.P. 103, 1 Bl.R. 701, Doug. 40, 1 Ld.Raym. 703. Ejectment cannot be maintained if more than a moiety is taken upon an *elegit,* 2 Esp.N.P. 142, 143, Doug. 456. An irregular execution may be avoided in evidence in ejectment brought for the lands, 2 Bac.Abr. 369, and a *fieri facias* not warranted by the judgment is merely void, *ibid.*

*Miller, contra.* By 1 Body Laws 84 the sale shall stand though judgment reversed. (But note the Act says, "The judgments do or shall warrant the awarding of the said writs of execution.") The execution was voidable and not void. Sales shall be good, but the money must be paid over to the party injured, 2 Bac.Abr.

369. The renting by defendant under plaintiff is an acknowledgment of plaintiff's title.

READ, C. J. (Charge.) Part of the lands are given up, and judgment is suffered to go for it. The question is upon the rest. Plaintiff originates his title with a patent granted by this state, which is founded upon Acts of Assembly [2 Del.Laws 1175], which plaintiff says he has complied with. Plaintiff has also shown the foundation of his title, which he says satisfied the commissioners with regard to it. He has shown as a part of it a sheriff's deed under judgment and execution against defendant. The Court think the plaintiff's title good, and it is incumbent on defendant to show the Delaware Acts did not attach upon these lands, and that they were not sufficient to authorize the issuing of the patent.

The plaintiff has shown a legal title; defendant set up this, that the execution issued before the terms of the judgment were complied with, but we construe the terms of the judgment otherwise. It is not perhaps true, as urged by plaintiff's counsel, that when a tenant rents land he thereby acknowledges the plaintiff's title.

Verdict for the plaintiff.